In the Matter of the Petition of EUGENIO D'ONOFRIO for Naturalization.*

Supreme Court, Broome County, January 6, 1930.

*Dana White*, for the United States Government.

Petitioner in person.

PERSONIUS, J. The question on this petition is whether the applicant's absence from the United States for a period of about twenty-two months during the last five years is a bar to the granting of the petition.

The applicant is thirty-three years old. He came to this country in 1914 — fifteen years ago — at the age of eighteen. In 1921 he was married in Binghamton, Broome county, N. Y. The court's

* See 135 Misc. 670.

understanding is that he has resided in that county continuously since coming to this country, except as hereinafter noted. In 1927, having already been in this country for thirteen years, he returned with his wife and one child to his native home in Italy for a visit. That he fully intended to return to this country is evidenced, not only by his statement and by his application for citizenship before he left, but by the fact that he obtained a permit to re-enter the United States when he left, and that on two occasions, while in Italy, he visited the American Consul in Rome and requested that his permit to re-enter the United States be extended, which request was on both occasions granted. We think no question is raised concerning the applicant's intent to return to the United States.

It appears, however, that soon after arriving in Italy, and in August, 1927, the petitioner was required to enter the Italian army and that he was unable to obtain his release from this army service for about twenty-two months. It was during this time that he obtained extensions of his permit to re-enter. His stay in Italy was, therefore, not only *unintentional but involuntary*. Finally he was released from army service and returned to the United States. However, his wife, whom he had married in the United States, and his child, who was born in the United States, and another child, born while he was in Italy, remained in Italy.

The court was impressed by the petitioner's appearance. He has attended night school, had steady employment and evinced a sincere desire to bring his wife and two children to the United States.

We think the petition should be granted and the petitioner naturalized.

We are not unmindful of the decisions of the Circuit Court of Appeals in *United States* v. *Mulvey* (232 Fed. 513) and *United States* v. *Cantini* (212 id. 925), but we believe the facts of this case distinguish it. In this case the petitioner has been in the United States for about thirteen or fourteen years, all told (1914 to September, 1927; April, 1929, to January, 1930); he left the United States for a temporary visit, definitely intending to return; his stay in Italy was not voluntary but compelled.

In the *Mulvey* case the petitioner had been in the United States about four years and four months before returning to his native country for a visit; his stay in his native country for a period of two years and two months was entirely voluntary; he had been back in the United States for less than seven months at the time of the hearing on his application. Mulvey, therefore, had been actually in the United States for less than five years, all told, and was not detained outside of the United States but remained

voluntarily. The Circuit Court, Second Circuit, held that he was not entitled to be naturalized but in the opinion pointed out that "each case of this kind must be decided according to its own circumstances;" and that the statute permitted "temporary absence" at least, saying (pp. 515, 516): "It cannot be supposed that Congress intended that any such unreasonable construction should be placed upon the act. Where adherence to the strict letter of a statute would lead to injustice or to manifest absurdity, it cannot be supposed that the lawmaking body intended any such result. In such cases the duty devolves upon the court to search out the true meaning of the statute and to permit the spirit or reason of the law to prevail over its letter."

Continuing, the court said (p. 516): "The purpose of requiring aliens applying for citizenship to reside continuously within the country for five years is not only to satisfy the government as to the good faith of the applicant and as to his good character, but it is also to afford the alien a sufficient opportunity to understand and familiarize himself with our institutions and mode of government."

In the case at bar not the slightest question is raised as to the good faith or the good character of the petitioner, and while he has been absent from the United States for a period of about twenty-two months during the past five years, he came here at an early age, has attended school, and has been here and has actually been within the United States for a period of about fourteen years, giving him ample "opportunity to understand and familiarize himself with our institutions and mode of government." This case, therefore, seems to justify the granting of the petition under the reasoning of the *Mulvey* case.

Furthermore, in the *Mulvey* case the *Cantini* case was the only authority cited. The *Cantini* case was very similar, but it definitely recognized one of the distinctions which we are pointing out in the case at bar. In the *Cantini* case the petitioner had returned to Italy to visit but remained there *voluntarily*. In the course of its opinion, the Circuit Court of Appeals, Third Circuit, said: "In the Act of 1906 * * * the phrase in its common and ordinary use appears to have an elastic meaning, so elastic in fact that we may easily imagine two sets of circumstances in each of which the intention of the alien would be the same, although the conclusion would be different. *For example, let us suppose that Cantini's absence in Italy had been due to the fact that he had been immediately arrested in that country on a groundless charge, and had been detained in prison for the period in question. Having left the United States with the intention of returning in a short time, and*

*having been prevented by force from carrying his intention into effect,
the continuous character of his residence would probably not be
disturbed."*

The illustration used by the Third Circuit could hardly be more
apt. The illustration supposes that the petitioner had been arrested
in Italy on a groundless charge and detained for the period in
question. In the case at bar the petitioner was restrained without
any fault on his part, and " prevented by force from carrying
his intention (to return to the United States) into effect."

We think the petition should be granted under the reasoning
of the *Mulvey* case and the reasoning, by way of illustration, in
the *Cantini* case. Every consideration seems to the court to argue
in favor of the petitioner. He left the United States with the
avowed intention and an official permit to return, he was unwillingly
detained, his stay was involuntary, he kept his permit alive, his
wife, whom he married in New York State, and two small children,
one of whom was born in New York State, remain in Italy. He
would undoubtedly be a better resident of the United States if
reunited with his family.

We have considered the amendment to section 382 of title 8 of
the U. S. Code (45 U. S. Stat. at Large, 1513), effective July 1,
1929, but as this petition was filed before that section became
effective, we are inclined to hold that it does not apply. The
change in the law was a matter of substance and not procedure,
and it is not expressly made to apply to pending petitions. · Further-
more, a question as to its application arises in our mind — does
the provision " for a continuous period of one year or more during
the period immediately preceding the date of the filing of the
petition " apply where a short period elapsed between his return
and the filing of the petition? We prefer to base our conclusion
upon the ground that the act does not apply to petitions filed
prior to the date when the act became effective.

The petition is granted.